UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL SKYLAR THEROUX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMONWEALTH OF MASSACHUSETTS, ATTORNEY GENERAL, MASSACHUSETTS DEPARTMENT OF CORRECTION, CAROL MICI, MATTHEW DIVRIS,<br><br>　　　　　Defendants. | Case No.   4:23-cv-40021-MRG<br><br>**MEMORANDUM AND ORDER** |

　　　　Before the Court is Michael Skylar Theroux's ("Theroux") Verified Amended Complaint, ECF No. 13 and renewed motion for appoint of pro bono counsel, ECF No. 14.

　　　　The Verified Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915 ("Section 1915") because Theroux is proceeding *in forma pauperis*, see Order, ECF No. 11, and pursuant to 28 U.S.C. § 1915A ("Section 1915A") because Theroux is a prisoner.  Both Section 1915 and Section 1915A authorize federal courts to dismiss a complaint sua sponte if the claims therein are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes Theroux's complaint because she[1] is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

　　　　For the reasons stated below, certain defendants will be dismissed and Theroux is granted leave to file an amended complaint by **August 15, 2023**, or the action will be dismissed.  The renewed motion for appoint of counsel is **DENIED** without prejudice.

---

[1] Theroux identifies as a transgender female. Ver. Am. Compl. 1. Accordingly, the pronoun "she" is used.  To the extent that the Theroux wishes to be addressed differently, Theroux may notify the Court.

## I. BACKGROUND

Theroux's verified amended complaint alleges that on June 29, 2023, she was sexually assaulted by another prisoner, and that the defendants failed to protect her. The factual allegations of the complaint read as follows:

> On June 29th 2023, Inmate Michael "Skylar" Theroux who is a transgender female was forcibly involved with a sexual assault at the N.C.C.I. Prison. The Investigation was substantiated under Federal PREA. The Assault was "phone tipped" to the I.P.S. Officers at the prison that an event was in progress. Plaintiff was a known target by this individual and the DOC Refused, Failed to act, the Commissioner of Correction let an SBCC Inmate with a history of similar assault actions (but in a more catastrophic outcome) transfer to a Level 4 Medium Security Facility and floor unit in Thomson Hall that houses vulnerable inmates known as the Residential Treatment Unit and Transgender Inmates. Plaintiff alleges that The Superintendent of N.C.C.I. (Defendant) failed to protect the defendant at N.C.C.I. who has had a history of being a victim to abuse and reported it to the appropriate departments. Plaintiff has suffered serious injuries such as Rape Syndrome, Emotional Distress, Night terrors, Inability to Concentrate, Flash Backs and other Symptoms. Correctional Staff knew of the inmate who was transferred from S.B.C.C. to lower custody and onto a floor where Plaintiff lives and the event took place. But failed to intervene or alert the Plaintiff his safety may be an issue. Correctional Staff knew there were issue between both the victim and Perpetrator who is now transferred to Norfolk State Prison.

Ver. Am. Compl. 1. Attached to the Amended Complaint are 53 pages of exhibits that include reports and other documents concerning the alleged assault incident, Exhibits, ECF No. 13-1.

## II. DISCUSSION

A. Claims Against the Commonwealth of Massachusetts, the Department of Corrections, and Official Capacity Monetary Damages Claims Against the Individual Defendants <u>Are Barred by Eleventh Amendment Sovereign Immunity.</u>

"The Eleventh Amendment generally bars suits against states and state officials." <u>Doe v. Shibinette</u>, 16 F.4th 894, 903 (1st Cir. 2021). It "does not bar suits for damages against state officials sued in their individual capacities, though such officials are usually protected by common law immunity." <u>Haidak v. Univ. of Massachusetts-Amherst</u>, 933 F.3d 56, 76 (1st Cir. 2019) (citing <u>Hafer v. Melo</u>, 502 U.S. 21, 26 (1991)); <u>see</u> <u>Poirier v. Massachusetts Dept. of Correction</u>, 558 F.3d 92, 97 (1st Cir. 2009). It also does not bar "prospective injunctive relief to prevent a continuing violation of federal law, in part because a suit challenging the constitutionality of a

2

state official's action in enforcing state law is not one against the State." Shibinette, 16 F.4th at 903 (citations and quotations omitted).

Regardless of the relief sought, to the extent that the complaint is construed to bring a Section 1983 claim against the Commonwealth of Massachusetts and DOC, the action is **DISMISSED** on Eleventh Amendment sovereign immunity grounds. Poirier, 558 at 97 (1st Cir. 2009) (affirming dismissal of the Massachusetts Department of Correction on Eleventh Amendment sovereign immunity grounds); Cavitt v. MDOC, CV 19-12479-NMG, 2020 WL 8970663, at *1 (D. Mass. Mar. 12, 2020). Furthermore, the individual defendants are entitled to Eleventh Amendment sovereign immunity in their official capacities for monetary damages, and such claims are **DISMISSED**. The action is not dismissed to the extent Theroux seeks Section 1983 damages from individual defendants in their personal capacities, or injunctive relief against them in their official and personal capacities.

B. The Amended Complaint Fails to Meet the Procedural Pleading Requirements of the Federal Rules of Civil Procedure.

The Amended Complaint fails to meet the basic pleading requirements of the Federal Rules of Civil Procedure. Under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). To be sure, "the requirements of Rule 8(a)(2) are minimal — but 'minimal requirements are not tantamount to nonexistent requirements.'" Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)). Accordingly, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Id.

Here, while the three-paragraph complaint is understandable, there is insufficient factual development of the knowledge and participation of the remaining individual defendants:

3

Superintendent Matthew Divris and Commissioner Carol Mici.[2] There are allegations that these individuals directly participated, but the few facts appear to be more akin to a theory of supervisory liability. If so, Theroux should understand that "a supervisor may not be held liable under section 1983 on the tort theory of respondeat superior, nor can a supervisor's section 1983 liability rest solely on his position of authority." Guadalupe-Báez v. Pesquera, 819 F.3d 509, 515 (1st Cir. 2016). Rather, a claim for supervisory liability under Section 1983 "has two elements: first, the plaintiff must show that one of the supervisor's subordinates abridged the plaintiff's constitutional rights . . . [and] . . . [s]econd, the plaintiff must show that the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference." Id. (quotations and alterations omitted).

C.  Amendment of the Complaint

Theroux shall by **August 15, 2023** file an amended complaint that cures the deficiencies above, or this action will be dismissed. Any amended complaint must clearly identify the claims and relief she seeks as to each defendant and must provide sufficient factual bases for each of the elements of the claims that she asserts. The claims in an amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). She must identify all of the parties in the caption. Fed. R. Civ. P. 10(a). Because an amended complaint completely supersedes the original complaint, and is a stand-alone document, Theroux should assert in her amended complaint any plausible allegations in the original complaint that state a claim that she wishes to be part of the operative complaint. See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). The amended complaint will be further screened.

D.  Renewed Motion for Appointment of Counsel

Theroux's renewed Motion for Appointment of Counsel (ECF No. 14) is **DENIED** without prejudice. Although pursuant to the 28 U.S.C. §1915(e)(1), the Court "may request an attorney to

---

[2] Theroux also alleges that unidentified correctional staff also failed to intercede, but they are not defendants in this action.

represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. Id.; 28 U.S.C. § 1915(e)(1). "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id.

As this Court has previously ruled, at this stage of the proceedings, the motion is premature and, even on this supplemental record, while Theroux appears indigent, she has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel at this time.

### III. CONCLUSION AND ORDER

A. The Commonwealth of Massachusetts and Department of Corrections are **DISMISSED** because they are immune from suit.

B. The official capacity monetary damages claims against defendants Mici and Divris are **DISMISSED** because they are immune from suit.

C. Theroux shall by **August 15, 2023** file an amended complaint that cures the deficiencies noted above, or this action will likely be dismissed. If an amended complaint is filed, it will be screened. Summonses shall not issue unless further ordered by the Court.

D. Failure to comply with this order will likely result in dismissal of this action.

**IT IS SO ORDERED.**

Dated: June 15, 2023

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
United States District Judge